IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-99-10 (09) |
| | § | CIVIL ACTION NO. G-05-321 |
| JAMES HENDERSON, JR. | § | |

**OPINION AND ORDER**

On June 3, 2005, James Henderson, Jr., a named Defendant in the above-styled and numbered cause, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Without reciting the lengthy history of this case, the Court notes that Henderson has previously filed a § 2255 Motion which was dismissed as time-barred on April 17, 2003; Henderson's subsequent motion for relief from that Judgment was denied on May 5, 2004.

In the instant Motion, Henderson seeks relief from a two-level increase in his base offense level imposed by the District Court after finding the "additional fact" that Henderson possessed a firearm during the commission of his drug trafficking offenses. In reliance on the recent Supreme Court decision in United States v. Booker, ___ U.S. ___, 160 L.Ed. 2d 621 (2005), Henderson argues that the increase required a supportive jury finding without which it must be vacated. In the opinion of this Court, Henderson's Motion must be dismissed for want of jurisdiction.

Obviously, Henderson's Motion is both successive and time-barred unless Booker applies retroactively to cases on collateral review. Unfortunately, for Henderson, in the opinion of this Court Booker does not so apply. The Supreme Court seems to have limited Booker's application

only " to all cases on direct review." 160 L. Ed. 2d at 665  Moreover, all federal Circuits which have addressed the issue have concluded that Booker does not apply retroactively to cases that became final before its release on January 12, 2005.  See Cirilo-Munoz v. United States, __ F.3d ___, 2005 WL 858324* 5-6 (1st Cir., April 15, 2005); Guzman v. United States, __ F.3d ___, 2005 WL 803214*2-4 (2nd Cir., April 8, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481, (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); See also United States v. Brown, 305 F.3d 304, 309 (5th Cir. 2002) (Apprendi not retroactively applicable to 2255 motions), cert. denied, 538 U.S. 1007 (2003)  In the opinion of this Court, relief under Booker is simply not available to Henderson.  Consequently, there is no legal justification to disregard the statutory prohibitions set forth in 28 U.S.C. § 2244(b)(2)(A) and (d)(1)(A) as incorporated by 28 U.S.C. § 2255.

Accordingly, under 28 U.S.C. § 2244(b)(3), Henderson must file a motion seeking the permission of a three-judge panel of the United States Court of Appeals for the Fifth Circuit to file a successive petition, which must be granted or denied within 30 days under § 2244(b)(3)(B). Unless or until the Court of Appeals authorizes the filing of Henderson's new § 2255 Motion, this Court has no jurisdiction to consider same.  See Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999)

It is, therefore, **ORDERED** that the " Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Instrument no. 691) of James Henderson, Jr., is **DISMISSED for lack of jurisdiction**.

**DONE** at Galveston, Texas, this 15th day of June, 2005.

_____
Samuel B. Kent
United States District Judge